# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMANDA TORRES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-466-JJB-EWD** |
| **MALL OF LOUISIANA, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 5, 2017.

                      **ERIN WILDER-DOOMES**
                      **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| AMANDA TORRES | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-466-JJB-EWD |
| MALL OF LOUISIANA, LLC, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by plaintiff Amanda Torres.[1] The Motion is unopposed.[2] For the following reasons, the undersigned recommends[3] that the Motion be **GRANTED** and that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

## Factual and Procedural Background

On or about June 9, 2017, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Mall of Louisiana, LLC, Xencom Facility Management, LLC and The Cincinnati Insurance Company ("Cincinnati") (collectively, "Defendants"), seeking damages for the injuries Plaintiff allegedly sustained from a

---

[1] R. Doc. 12.
[2] On November 27, 2017, the undersigned issued a Notice and Order, stating that more than 21 days had passed since the filing of the Motion to Remand and that The Cincinnati Insurance Company (the removing defendant) had not filed an opposition. R. Doc. 16. As such, the undersigned ordered The Cincinnati Insurance Company to file a notice into the record stating whether it objects to this matter being remanded to state court. *Id*. Pursuant to the November 27, 2017 Order, The Cincinnati Insurance Company filed a Notice on December 1, 2017, stating that it has no objection to this matter being remanded to state court. R. Doc. 17. As such, the Motion to Remand is unopposed.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.

slip and fall that occurred on or about July 30, 2016.[4] Plaintiff alleges that while she was shopping at Mall of Louisiana, LLC, in Baton Rouge, she slipped and fell on a slippery substance near the food court, "which purported to be vomit," due to the Defendants' failure to clean the floor and/or display a "Wet Floor" sign.[5] Plaintiff claims that she sustained bodily injuries as a result of the fall and seeks damages for right shoulder pain, right wrist pain, spinal injuries, numbness in her extremities, dizziness, migraine headaches, limited use and range of motion in the affected areas, pain in the affected areas and sleep and appetite interruption.[6]

Cincinnati removed the matter to this Court on July 19, 2017, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332.[7] Cincinnati alleges that the parties are diverse because Plaintiff is a Louisiana citizen, Cincinnati is incorporated in Ohio and has its principal place of business in Ohio, all of the individual members of Xencom Facility Management, LLC are citizens of Texas, and the members of Mall of Louisiana LLC are citizens of Delaware and Illinois.[8] Cincinnati also asserts that the amount in controversy is met based upon the damages sought by Plaintiff in the Petition.[9] Cincinnati asserts that removal is timely because it was served with a copy of the Petition through the Louisiana Secretary of State on June 27, 2017.[10]

After reviewing the Notice of Removal and the information contained in the record, the undersigned could not determine whether the requisite amount in controversy was met in this case. As such, the undersigned issued a Notice and Order on September 18, 2017, raising the issue of subject matter jurisdiction *sua sponte* and requiring the parties to submit memoranda focused on

---

[4] R. Doc. 1-1.
[5] *Id.* at ¶ 2.
[6] *Id.* at ¶¶ 6 and 8.
[7] R. Doc. 1 at Introductory Paragraph.
[8] *Id.* at ¶¶ X-XIII.
[9] *Id.* at ¶¶ VI-IX.
[10] *Id.* at ¶ XV.

the issue of whether the requisite amount in controversy was met.[11] On September 28, 2017, Cincinnati filed a Memorandum Regarding Good Faith Amount in Dispute, in Support of Removal Based Upon Diversity Jurisdiction,[12] as ordered by the Court. In the Memorandum, Cincinnati asserts that Plaintiff's alleged damages exceed the jurisdictional amount of $75,000 because Plaintiff claims she injured her back, shoulder, wrist and ribs in the underlying accident and Plaintiff sustained "a possible rib fracture, carpal tunnel injury and spinal injuries."[13] Cincinnati further alleges that Plaintiff's arm was placed in a sling, she received at least two injections, she underwent three x-rays and she has been treating for approximately 14 months.[14] Cincinnati emphasizes that Plaintiff seeks past, present and future mental damages, physical pain and suffering, medical expenses, lost wages and lost income. Cincinnati asserts that the quantum damages awarded for similar injuries in Louisiana exceed the $75,000 threshold.[15] Thus, Cincinnati asserts that if Plaintiff is successful in proving her general damages, these damages alone would exceed the jurisdictional amount of $75,000.[16]

On October 18, 2017, Plaintiff filed the instant Motion to Remand, asserting that while the parties are diverse, the amount in controversy does not exceed $75,000 in this case.[17] Plaintiff argues the Defendants have not provided any competent evidence that the claims exceed the jurisdictional threshold of $75,000 and that this matter must be remanded to state court. On

---

[11] R. Doc. 8.
[12] R. Doc. 10.
[13] *Id.* at p. 5.
[14] *Id.*
[15] *Id.* (citing *Lancon v. AIG Am. Int'l Companies*, Civ. A. No. 07-0891, 2008 WL 4566678, at *1 (W.D. La. Oct. 7, 2008) (noting that "the Third Circuit mandates that the lowest award plaintiff could receive for an eighteen month soft tissue injury with invasive treatment exceeds $75,000 plus specials"); *Bergez v. Simmons*, 557 So. 2d 444 (La. App. 5 Cir. 1990) ($98,500 awarded in general damages for soft tissue injuries to the neck, shoulder and spine); *Scamardo v. New Orleans Stevedoring Co.*, 595 So. 2d 1242 (La. App. 4 Cir. 1992) (affirming general damages award of $175,000 for injuries to neck, back, left hand and fractured right ribs that resulted from a slip and fall into a pit in the shop floor)).
[16] R. Doc. 10 at p. 7.
[17] R. Doc. 12.

December 1, 2017, Cincinnati filed a Notice into the record stating that it does not oppose remand of this matter to state court.[18]

**Applicable Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party

---

[18] R. Doc. 17. As previously mentioned, the Notice was filed in response to a Notice and Order issued by the undersigned on November 27, 2017. *See*, R. Doc. 16.

may make this showing in either of two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

Here, Cincinnati, the removing defendant, has not met its "burden to show that the jurisdictional amount is facially apparent for the present purposes, nor . . . made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm Fire & Cas. Co.*, Civ. A. No. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007). In the state court Petition, Plaintiff alleges that she sustained bodily injuries as a result of the fall and seeks damages for right shoulder pain, right wrist pain, spinal injuries, numbness in her extremities, dizziness, migraine headaches, limited use and range of motion in the affected areas, pain in the affected areas and sleep and appetite interruption.[19] While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000.

Additionally, Cincinnati has not shown by a preponderance of the evidence that the amount in controversy is likely to exceed $75,000 in this case. The cases cited by Cincinnati in the Notice of Removal are distinguishable from the facts of this case, as Plaintiff has not alleged "permanent disability and disfigurement" like the plaintiff in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), nor has Plaintiff sought damages for "an emergency ambulance trip" and "a six day stay in the hospital" like the plaintiff in *Luckett v. Delta Airlines*, Inc., 171 F.3d 295, 298 (5th

---

[19] R. Doc. 1-1 at ¶¶ 6 and 8.

Cir. 1999).[20] In Cincinnati's Memorandum Regarding Good Faith Amount in Dispute, Cincinnati alleges that Plaintiff's damages likely exceed $75,000 based upon the general damages awarded by Louisiana courts in cases involving similar soft tissue injuries.[21] The referenced decisions, however, involved injuries not present in this action.[22] Further, at least one court in this Circuit has held that the amount in controversy was not facially apparent where the plaintiff alleged permanent injuries from a slip and fall, including "a fractured bone in her right wrist, a mild concussion, along with a permanent leg scar" because such injuries "are not as severe when compared with those in *Gebbia* and *Corkern* . . . ." *Duroncelet v. Omni Hotels Mgmt. Corp.*, Civ. A. No. 07–5386, 2008 WL 3851628, at *3 (E.D. La. Aug. 12, 2008) (citing *Corkern v. Outback Steakhouse of Florida, Inc.*, Civ. A. No. 05-5487, 2006 WL 285994 (E.D. La. Feb. 6, 2006) (plaintiff alleged severe back injuries resulting in claims for past and future pain, mental anguish, loss of enjoyment, disability, medical expenses, lost wages, lost earnings, and transportation costs)).

---

[20] *See*, R. Doc. 1 at ¶ VII. Cincinnati also alleged in the Notice of Removal that Plaintiff failed to return a Stipulation that the amount in controversy in this matter does not exceed $74,999. R. Doc. 1 at ¶ VIII. However, this Court has previously held that, "Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'" *Cole v. Mesilla Valley Transportation*, Civ. A. No. 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, Civ. A. No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)). This Court further explained that, "Such a refusal 'is but one factor for the court to consider.'" *Cole*, 2017 WL 1682561, at *5 (quoting *Lipford*, 2014 WL 458359, at *5). Here, Plaintiff's failure to stipulate that the amount in controversy in this case does not exceed $74,999 is due to Plaintiff's counsel's failure to return the Stipulation, rather than Plaintiff's affirmative assertion that her damages exceed $75,000. As such, Plaintiff's failure to return the Stipulation, while given some weight, is not a significant factor in determining the amount in controversy in this matter. *See, Cole*, 2017 WL 1682561, at *5.
[21] R. Doc. 10 at pp. 5-7 (citing *Lancon v. AIG Am. Int'l Companies*, Civ. A. No. 07-0891, 2008 WL 4566678, at *1 (W.D. La. Oct. 7, 2008); *Bergez v. Simmons*, 557 So. 2d 444 (La. App. 5 Cir. 1990); *Scamardo v. New Orleans Stevedoring Co.*, 595 So. 2d 1242 (La. App. 4 Cir. 1992)).
[22] *See*, *Lancon*, 2008 WL 4566678, at *1 (finding amount in controversy satisfied where plaintiff suffered from nerve root irritation at L5 and a schmorl's node at L3-4 with irregularity of the end plate, post traumatic lumbar pain syndrome, possible sacroiliac joint injury to the left and a contusion to his left hip and thigh, plaintiff received injections for his hip, was treated for eighteen months, and was told he would have to live with the pain); *Bergez,* 557 So. 2d at 447 (affirming general damages award of $98,500 where plaintiff was treated for two years for neck and back pain, concluding that the injury "has caused and will continue to cause her severe pain, discomfort and permanent disability"); *Scamardo*, 595 So. 2d 1242 (affirming $175,000 award of general damages where plaintiff fell into a pit that was six feet deep, eight feet long and two feet wide and suffered from chest trauma, fractured right ribs, carpel tunnel in both hands and injuries to his neck, back, and left hand).

With respect to Plaintiff's claim for lost wages, Cincinnati asserts that Plaintiff earns $13.50 an hour as an optician at Dannon Eye Center, that her typical schedule is 8:00 a.m. to 4:00 p.m., Monday through Friday, and that Plaintiff missed time from work to obtain medical treatment for her injuries.[23] However, in the "Recorded statement of Amanda Torres," dated August 10, 2016 and attached to Cincinnati's Memorandum, Plaintiff stated that, "I haven't missed complete days b/c I can't afford to miss but I have missed for doctors [sic] appointments and so it's like an hour or two here or there."[24] Further, Cincinnati has not filed an opposition to the Motion to Remand. Instead, Cincinnati has filed a Notice into the record stating that it has no objection to this matter being remanded to state court.[25]

In light of the uncertainty of the amount in controversy in the Petition and the Notice of Removal, Plaintiff's assertion that her claims do not meet the jurisdictional threshold of 28 U.S.C. § 1332(a) and Cincinnati's Notice stating that it does not oppose remand of this matter to state court the undersigned recommends that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction. As previously discussed, the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Because the Motion to Remand only asserts that subject matter jurisdiction is lacking based on the amount in controversy, the Court does not reach the issue of whether the parties are completely diverse.

---

[23] R. Doc. 10 at p. 3.
[24] R. Doc. 10-1 at p. 5.
[25] R. Doc. 17.

**Conclusion**

Based on the foregoing, The Cincinnati Insurance Company has not met its burden of proving that the Court has subject matter jurisdiction over the claims asserted by the Plaintiff based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, The Cincinnati Insurance Company has failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Motion to Remand[26] should be **GRANTED** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).[27]

Signed in Baton Rouge, Louisiana, on December 5, 2017 .

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 12.
[27] Also before the Court is a Motion to Compel Deposition of Plaintiff, filed by the Defendants. *See*, R. Doc. 14. If this Report and Recommendation is adopted and this matter is remanded, no determination is needed on the Motion to Compel.